ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| FRANCISCO J. ARIAS RODRÍGUEZ<br><br>Recurrida<br><br>v.<br><br>SKIPJACK HOLDINGS LLC; SUPER ASPHALT PAVEMENT CORP.; COMPAÑIA ASEGURADORA ABC, INC.; COMPAÑIA ASEGURADORA DEF, INC<br><br>Peticionaria | **TA2026CE00589**<br><br><br><br><br><br>**consolidado** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Bayamón<br><br>Civil Núm.: SJ2026CV01654<br><br>Sobre: Despido Injustificado (Ley Núm. 80) |
| FRANCISCO J. ARIAS RODRÍGUEZ<br><br>Recurrida<br><br>v.<br><br>SKIPJACK HOLDINGS LLC; SUPER ASPHALT PAVEMENT CORP.; COMPAÑIA ASEGURADORA ABC, INC.; COMPAÑIA ASEGURADORA DEF, INC<br><br>Peticionaria | **TA2026CE00647** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Bayamón<br><br>Civil Núm.: SJ2026CV01654<br><br>Sobre: Despido Injustificado (Ley Núm. 80) |

Panel integrado por su presidente el Juez Bonilla Ortiz, la Jueza Martínez Cordero y el Juez Robles Adorno.

Bonilla Ortiz, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico a 4 de junio de 2026.

Comparece Skipjack Holdings LLC (Skipjack) y Super Asphalt Pavement Corp. (Super Asphalt) (en conjunto, parte peticionaria) mediante dos recursos de *certiorari*.

El *primer* recurso fue presentado en el alfanumérico TA2025CE00589. Allí, nos solicitó la revisión de la *Orden* emitida el 28 de abril de 2026,

notificada al día siguiente, por el Tribunal de Primera Instancia Sala Superior de San Juan.[1] Mediante el dictamen recurrido, el foro *a quo*, declaró No Ha Lugar la *Solicitud de Conversión al Procedimiento Ordinario, Consolidación y Paralización de Descubrimiento de Prueba*, presentada por la parte peticionaria.[2]

El *segundo* recurso fue presentado en el alfanumérico TA2025CE00647. En este recurso, nos solicitó la revisión de la *Resolución Interlocutoria* emitida y notificada el 13 de mayo de 2026 por el Tribunal de Primera Instancia Sala Superior de San Juan.[3] Mediante el referido dictamen, el foro de instancia declaró No Ha Lugar la *Moción Solicitando Extensión de Término para la Fecha Limite del Descubrimiento de Prueba*, presentada por la parte peticionaria.[4]

Por los fundamentos que expondremos, se ***deniega*** la expedición del auto de *certiorari* en ambos recursos.

## I

El 4 de marzo de 2026, Francisco J. Arias Rodríguez (señor Arias Rodríguez; parte recurrida) presentó una *Querella* contra Skipjack y su compañía aseguradora sobre despido injustificado.[5] En esta, alegó que comenzó a trabajar para Super Asphalt el 30 de marzo de 1999 como vicepresidente. No obstante, indicó que, para aproximadamente el mes de marzo del 2024, Skipjack adquirió Super Asphalt. En consecuencia, adujo que, en

---

[1] *Orden*, entrada núm. 41 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] *Solicitud de Conversión al Procedimiento Ordinario, Consolidación y Paralización de Descubrimiento de Prueba,* entrada núm. 36 en SUMAC.
[3] *Resolución Interlocutoria*, entrada núm. 52 en SUMAC.
[4] *Moción Solicitando Extensión de Término para la Fecha Limite del Descubrimiento de Prueba*, entrada núm. 46 en SUMAC.
[5] *Querella*, entrada núm. 1 en SUMAC.

ese mismo mes, firmó un contrato de empleo con Skipjack, el cual establecía que sería ascendido al puesto de presidente con un salario de $500,000.00 y que la fecha de contratación permanecería inalterada. Sostuvo que continuó trabajando para Skipjack hasta el 12 de agosto de 2025, fecha en que fue despedido de manera arbitraria e injustificada. A tenor, arguyó que, conforme al periodo durante el cual prestó servicios para Skipjack, ostentaba el derecho a recibir la suma de $1,000,000.00 y un 25% por concepto de honorarios de abogado. Asimismo, indicó que se acogía al procedimiento especial de carácter sumario que establece la Ley Núm. 2 del 17 de octubre de 1961, 32 LPRA 3118, *et seq.*, según enmendada (Ley Núm. 2).

En respuesta, el 16 de marzo de 2026, la parte peticionaria presentó *Contestación a la Querella*.[6] En esencia, negó la mayoría de las alegaciones. Expresó que, durante todo el periodo pertinente a la relación de empleo, el patrono del señor Arias Rodríguez fue Super Asphalt. Además, indicó que el señor Arias Rodríguez fue despedido justificadamente por Super Asphalt el 12 de agosto de 2025. Por otro lado, la parte peticionaria presentó sus defensas afirmativas. A tenor, solicitó que se declarara No Ha Lugar la *Querella* instada por el señor Arias Rodríguez.

De ahí, el 17 de marzo de 2026, notificada al día siguiente, el foro de instancia emitió *Orden* mediante la cual dispuso el 8 de junio de 2026 como la fecha de conclusión del descubrimiento de prueba.[7] Asimismo,

---

[6] *Contestación a la Querella*, entrada núm. 11 en SUMAC.
[7] *Orden*, entrada núm. 14 en SUMAC.

concedió a las partes quince (15) días para informar el itinerario de descubrimiento de prueba. Por último, apercibió a las partes que el informe debía ser presentado en o antes del 28 de julio de 2026, so pena de sanciones.

Posteriormente, el 30 de marzo de 2023, el señor Arias Rodríguez presentó *Moción solicitando que este honorable tribunal autorice querella enmendada*.[8] En respuesta, en esa misma fecha, el foro de instancia emitió y notificó *Orden* mediante la cual declaró Ha Lugar dicha moción.[9] Así las cosas, ese mismo día, la parte recurrida presentó la *Querella Enmendada* a los fines de incluir a Super Asphalt como parte querellada.[10]

Por otro lado, el 1 de abril de 2026, el señor Arias Rodríguez presentó *Moción solicitando prórroga para someter el itinerario del descubrimiento de prueba*.[11] En esta, adujo que el emplazamiento dirigido a Super Asphalt no había sido expedido, por lo que no había emplazado a esta. Sostuvo que hasta que Super Asphalt no presentara su contestación a la querella, no podía notificar el descubrimiento de prueba que concernía a Super Asphalt ni coordinar el itinerario del descubrimiento de prueba con la parte peticionaria. En vista de lo anterior, solicitó una prórroga de quince (15) días para presentar la moción conjunta informando el itinerario del descubrimiento de prueba, a vencer

---

[8] *Moción solicitando que este honorable tribunal autorice querella enmendada*, entrada núm. 17 en SUMAC.
[9] *Orden*, entrada núm. 19 en SUMAC.
[10] *Querella Enmendada*, entrada núm. 20 en SUMAC.
[11] *Moción solicitando prórroga para someter el itinerario del descubrimiento de prueba*, entrada núm. 22 en SUMAC.

luego de que Super Asphalt presentara su contestación a la querella o expirara el término para ello.

En respuesta, el 1 de abril de 2026, el foro primario emitió y notificó *Orden* mediante la cual le concedió a las partes quince (15) días, a partir de la fecha en que Super Asphalt presentara su contestación a la querella o la expiración del término para ello, para que presentaran moción conjunta informando el itinerario del descubrimiento de prueba.[12]

Posteriormente, el 9 de abril de 2026, Skipjack presentó su *Contestación a la Querella Enmendada*.[13] En esencia, reiteró los mismos argumentos esbozados en su *Contestación a la Querella.* Por su parte, el 20 de abril de 2026, Super Asphalt presentó su *Contestación a la Querella Enmendada*.[14] En esta, admitió algunas alegaciones, negó otras. En lo pertinente, indicó que el señor Arias Rodríguez violó las políticas de Super Asphalt e incurrió en conductas contrarias a los mejores intereses de la compañía, lo que constituyó causa justificada para la terminación de su empleo. Por otro lado, presentó sus defensas afirmativas y solicitó que se declarara No Ha Lugar la *Querella* instada por el señor Arias Rodríguez.

En vista de lo anterior, el foro primario emitió y notificó *Orden* mediante la cual le informó a las partes que tenían cuarenta y ocho (48) horas para cumplir con lo ordenado el 17 de marzo de 2026, so pena de sanciones.[15]

---

[12] *Orden*, entrada núm. 23 en SUMAC.
[13] *Contestación a la Querella Enmendada*, entrada núm. 25 en SUMAC.
[14] *Contestación a la Querella Enmendada*, entrada núm. 29 en SUMAC.
[15] *Orden*, entrada núm. 33 en SUMAC.

Posteriormente, el 22 de abril de 2026, la parte peticionaria presentó una *Solicitud de Conversión al Procedimiento Ordinario, Consolidación y Paralización de Descubrimiento de Prueba*.[16] En esta, indicó que, el 9 de septiembre de 2025, presentó una Demanda Enmendada en un caso previamente radicado, a saber, *Skipjack Holdings, LLC; y otros v. Gregory James Mazza y otros*, Caso Núm. BY2025CV04173, mediante la cual incluyó como parte codemandada al señor Arias Rodríguez, su esposa y la Sociedad Legal de Gananciales Compuesta por Ambos. Explicó que la Demanda Enmendada surgió debido a una serie de alegaciones acerca de tergiversaciones deliberadas; incumplimientos de contrato; y conductas y representaciones fraudulentas por parte señor Arias Rodríguez y otros. Sostuvo que el señor Arias Rodríguez debió traer su reclamación de despido injustificado en dicho pleito, en el cual había comparecido como parte codemandada, toda vez que ambos pleitos envuelven cuestiones comunes de hechos. Por otra parte, adujo que la controversia planteada trasciende una simple reclamación de despido injustificado que requiere un proceso de descubrimiento de prueba amplio, incluyendo deposiciones, producción extensa de documentos, y múltiples testigos. Ante ello, solicitó que se convirtiera el pleito a un procedimiento ordinario. Además, solicitó que se ordenara la consolidación del presente caso con el caso *Skipjack Holdings, LLC; y otros v. Gregory James Mazza y otros*, Caso Núm. BY2025CV04173. Por último, solicitó que se ordenara la paralización del descubrimiento de prueba en el presente caso, incluyendo

---

[16] *Solicitud de Conversión al Procedimiento Ordinario, Consolidación y Paralización de Descubrimiento de Prueba*, entrada núm. 36 en SUMAC.

el término de cuarenta y ocho (48) horas dispuesto por el foro de instancia para la presentación de un itinerario de descubrimiento de prueba.

En respuesta, el 27 de abril de 2026, el señor Arias Rodríguez presentó *Moción en Oposición a la "Solicitud de Conversión al Procedimiento Ordinario, Consolidación y Paralización de Descubrimiento de Prueba"*.[17] En esta, alegó que no procedía la solicitud de consolidación interpuesta por la parte peticionaria, toda vez que el caso corporativo al que esta hace referencia no está relacionado con el caso de epígrafe ni presenta cuestiones comunes de hecho o de derecho. Además, adujo que dicha consolidación eliminaría todas las protecciones procesales que la Ley Núm. 2 le concede al señor Arias Rodríguez, en grave menosprecio del propósito legislativo del procedimiento sumario de reclamaciones laborales. Por otra parte, sostuvo que tampoco procedía la conversión del caso a uno ordinario ya que la complejidad que invoca la parte peticionaria no emana de las alegaciones de la *Querella Enmendada*, sino del propio caso corporativo incoado por Skipjack y Super Asphalt. Asimismo, adujo que era improcedente la paralización del descubrimiento de prueba. A tenor, solicitó que se declarara No Ha Lugar la *Solicitud de Conversión al Procedimiento Ordinario, Consolidación y Paralización de Descubrimiento de Prueba*, presentada por la parte peticionaria y continuaran los trámites en el caso.

---

[17] *Moción en Oposición a la "Solicitud de Conversión al Procedimiento Ordinario, Consolidación y Paralización de Descubrimiento de Prueba"*, entrada núm. 40 en SUMAC.

Posteriormente, el 28 de abril de 2026, notificada al día siguiente, el foro primario emitió una *Orden* mediante la cual denegó la *Solicitud de Conversión al Procedimiento Ordinario, Consolidación y Paralización de Descubrimiento de Prueba*, presentada por la parte peticionaria, toda vez que el caso ante la consideración del foro primario es sobre un despido injusticado, utilizando los mecanismos provistos por la Ley Núm. 2.[18] Además, el foro de instancia dispuso que las partes tenían cuarenta y ocho (48) horas para cumplir con la *Orden* del 17 de marzo de 2026, notificada al día siguiente. Por último, indicó que la solicitud de consolidación debía ser atendida en la sala donde se encontrara pendiente el caso de mayor antigüedad, a saber, la sala de Bayamón.

Así las cosas, el 30 de abril de 2026, las partes presentaron *Moción Conjunta en Cumplimiento de Orden*.[19] En esta, las partes informaron al tribunal la fecha y hora de la deposición del representante de la parte peticionaria, así como la deposición del señor Arias Rodríguez. No obstante, al día siguiente, el foro de instancia emitió una *Orden* mediante la cual no autorizó el itinerario anejado ya que no cumplía con la fecha de conclusión del descubrimiento de prueba.[20] Ante ello, el foro primario les concedió a las partes cinco (5) días para cumplir con la *Orden* del 17 de marzo de 2026.

Así las cosas, el 6 de mayo de 2026, la parte peticionaria presentó una *Moción Solicitando Extensión de Término para la Fecha Limite del Descubrimiento de*

---

[18] *Orden*, entrada núm. 41 en SUMAC.
[19] *Moción Conjunta en Cumplimiento de Orden*, entrada núm. 42 en SUMAC.
[20] *Orden*, entrada núm. 43 en SUMAC.

*Prueba*.[21] Mediante esta, alegó que las fechas propuestas por el señor Arias Rodríguez para la toma de deposiciones no resultaban hábiles debido a compromisos previamente calendarizados. Además, indicó que, ante la falta de claridad en cuanto a los testigos que el señor Arias Rodríguez pretendía utilizar, entendía necesario extender el término de descubrimiento de prueba por un período de al menos sesenta (60) días.

Por su parte, el señor Arias Rodríguez presentó *Moción Informativa y en Cumplimiento de Orden*.[22] Adujo que ajustó su calendario para poder ofrecerle a la parte peticionaria las fechas para las deposiciones durante el término dispuesto por el foro de instancia para llevar a cabo el descubrimiento de prueba. Sostuvo que la parte peticionaria se mantuvo firme en que no tenían fechas hábiles durante el término que concedió el foro *a quo* para llevar a cabo el descubrimiento de prueba. Además, indicó que la parte peticionaria indujo a error al foro primario al expresar que se le había informado que no se había determinado cuales eran sus testigos. En vista de lo anterior, solicitó que se le eximiera de las sanciones que pudieran ser impuestas ante el incumplimiento con la *Orden* emitida el 1 de mayo de 2026, en vista de que el incumplimiento se debía a las actuaciones de la parte peticionaria.

Posteriormente, el 8 de mayo de 2026, la parte peticionaira presentó *Moción Informativa y en Cumplimiento de Orden*.[23] En esta, reiteró los argumentos

---

[21] *Moción Solicitando Extensión de Termino para la Fecha Limite del Descubrimiento de Prueba*, entrada núm. 46 en SUMAC.
[22] *Moción Informativa y en Cumplimiento de Orden*, entrada núm. 47 en SUMAC.
[23] *Moción Informativa y en Cumplimiento de Orden*, entrada núm. 48 en SUMAC.

esbozados en su *Moción Solicitando Extensión de Término para la Fecha Limite del Descubrimiento de Prueba*, presentada el 6 de mayo de 2026. Asimismo, solicitó que el foro primario emitiera una determinación en torno a la solicitud de la extensión.

Luego, el 13 de mayo de 2026, el foro primario emitió y notificó una *Resolución Interlocutoria* mediante la cual declaró No Ha Lugar la solicitud de extensión del período para el descubrimiento de prueba.[24] Dispuso que la parte peticionaria fundamentó su solicitud en su insistencia en la consolidación del caso de autos con el caso BY2025CV04173. Además, expresó que carecía de mérito el argumento de la parte peticionaria sobre la complejidad de la documentación para justificar la imposibilidad de cumplir con el descubrimiento de prueba en el término concedido. Lo anterior, debido a que la propia parte peticionaria afirmó que la conducta del señor Arias Rodríguez fue identificada mediante el examen de los documentos internos y la situación financiera de Super Asphalt, por lo que es forzoso concluir que dicha prueba obraba en el poder de la parte peticionaria al momento en que tomó la decisión de despedir al señor Arias Rodríguez. Ante ello, el foro de instancia concluyó que permitir la extensión solicitada equivaldría a avalar una postura procesal internamente contradictoria. En vista de lo anterior, el foro de instancia les concedió a las partes cinco (5) días para cumplir con la *Orden* emitida el 17 de marzo de 2026, notificada al día siguiente.

---

[24] *Resolución Interlocutoria*, entrada núm. 52 en SUMAC.

Ahora bien, en lo relativo al trámite ante esta Curia, el 11 de mayo de 2026, compareció la parte peticionaria mediante un *primer* recurso de certiorari, en el alfanumérico TA2026CE00589. Allí, esgrimió la comisión de los siguientes señalamientos de error:

> PRIMER ERROR: Erró el Tribunal de Primera Instancia al negarse a convertir el presente caso al procedimiento ordinario, ignorando y pasando por alto la naturaleza compleja del litigio, el cual surge de una demanda mediante la cual se solicita al querellante indemnización por alegadas representaciones falsas y violaciones a sus deberes fiduciarios. Asimismo, el Tribunal omitió considerar la inclusión como partes de entidades que no fueron patronos del querellante, situación incompatible con la clara letra y propósito del procedimiento sumario dispuesto en la Ley Núm. 2 de 1961.

> SEGUNDO ERROR: Erró el Tribunal de Primera Instancia al negarse a emitir una orden paralizando el descubrimiento de prueba, a pesar de los válidos argumentos de economía procesal presentados y de la realidad de que el presente pleito constituye un subterfugio para obtener prueba dirigida a beneficiar la defensa del Sr. Arias en la reclamación judicial presentada por la compañía en su contra.

> TERCER ERROR: Erró el Tribunal de Primera Instancia al negarse a emitir una determinación y, por consiguiente, denegar implícitamente la solicitud de consolidación de pleitos, a pesar de la evidente e intrínseca relación existente entre ambos casos. Ello, particularmente, cuando las razones que motivaron la presentación de la Demanda Enmendada por parte de la compañía y aquellas que fundamentan el despido del querellante son las mismas, o sustancialmente similares.

Por otro lado, el 20 de mayo de 2026, compareció nuevamente la parte peticionaria mediante otro recurso de *certiorari*, en el alfanumérico **TA2025CE00647**. Allí, esbozó la comisión del siguiente error:

> PRIMER ERROR: Erró el Tribunal de Primera Instancia al negarse a extender la fecha límite para culminar el descubrimiento de prueba, ante la necesidad de las partes de contar con un término adicional para comenzar y completar dicho proceso, debido a la ausencia total de fechas disponibles en común para la toma de las deposiciones interesadas en el presente caso, constituyendo ello una crasa violación al debido proceso de ley de las partes al negarles la oportunidad de

realizar un descubrimiento de prueba adecuado y efectivo.

En la misma fecha, la parte peticionaria presentó una *Moción en Auxilio de Jurisdicción*. Mediante *Resolución* el 21 de mayo de 2026, ordenamos la consolidación de los dos recursos ante nuestra consideración, por ser lo procedente en derecho, denegamos la *Moción en Auxilio de Jurisdicción* presentado por la parte peticionaria y concedimos término a la parte recurrida para expresarse.

Por su parte, ese mismo día, compareció el señor Arias Rodríguez mediante *Oposición a que se Expida Auto de Certiorari* y una *Oposición a Moción en Auxilio de Jurisdicción y a que se Expida Auto de Certiorari*. Con el beneficio de la comparecencia de las partes, procederemos a disponer de los recursos consolidados.

## II

### A

Es norma harta conocida que el recurso de *certiorari* es el vehículo procesal adecuado para revisar una determinación interlocutoria emitida post sentencia. *Negrón García v. Srio. de Justicia*, 154 DPR 79, 95 (2001). A diferencia del recurso de apelación, el auto de *certiorari* es de carácter discrecional. *Rivera Figueroa v. Joes's European Shop*, 183 DPR 580, 596 (2011). La discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction, Inc.* 201 DPR 703, 712 (2019); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013). A esos efectos, se ha considerado que "la

discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna". *SLG Zapata-Rivera v. J.F. Montalvo,* supra, 435.

Específicamente, Regla 40 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* supra, págs. 59-60 esgrime los criterios que el Tribunal deberá considerar para expedir un auto de *Certiorari.* Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición el auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

De otra parte, cabe destacar que el Tribunal Supremo de Puerto Rico ha establecido que un foro revisor no debe sustituir su criterio por la primera instancia judicial, salvo cuando estén presentes circunstancias

extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto. *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994).

Por otro lado, advertimos que la denegatoria a expedir un recurso discrecional no implica la ausencia de error en el dictamen cuya revisión se solicitó, como tampoco constituye una adjudicación en sus méritos. Meramente, responde a la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008).

### III

Mediante el presente recurso, la parte peticionaria nos convida a concluir que el foro de instancia incidió al negarse a convertir el presente caso al procedimiento ordinario. Además, plantea que el foro primario erró al negarse a paralizar el descubrimiento de prueba y al negarse a consolidar el caso de autos con el caso BY2025CV04173. Por último, señaló que incidió el foro de instancia al negarse a extender la fecha límite para culminar el descubrimiento de prueba.

Según expusimos en nuestra previa exposición doctrinal, cuando se presenta ante nuestra consideración un recurso de *certiorari*, nuestro ordenamiento jurídico le confiere discreción a este foro apelativo para intervenir únicamente en aquellas determinaciones en las que el foro primario haya actuado de forma arbitraria, cometido un craso abuso de discreción, surja un error en la interpretación de cualquier norma procesal o de derecho sustantivo, o cuando la determinación constituya una grave injusticia. Con lo anterior en mente, nos

dimos a la tarea de evaluar este recurso, así como los documentos que lo acompañaron, para determinar si estaban presente las circunstancias para intervenir.

El estudio del legajo judicial, así como de la *Orden* y *Resolución Interlocutoria* ante nuestra consideración, no nos muestra que esté presente alguno de los criterios esbozados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, es decir, la decisión del foro de instancia no muestra prejuicio, parcialidad o error craso y manifiesto. En consecuencia, no atisbamos razón para intervenir con las determinaciones recurridas. Siendo así, nos es forzoso denegar la expedición del auto de *certiorari* en ambos recursos.

**IV**

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *certiorari* en ambos recursos. Se devuelve el caso al foro de instancia para la continuación de los procedimientos.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones